United States Court of Appeals

FOR THE EIGHTH CIRCUIT

_____

No. 96-2672
_____

William A. Hane, Jr.,              *
                                   *
          Appellant,               *
                                   *  Appeal from the United States
     v.                            *  District Court for the
                                   *  District of Minnesota.
National Railroad Passenger        *
Corporation, a corporation,        *     [PUBLISHED]
also known as Amtrak,              *
                                   *
          Appellee.                *
                                   *

_____

Submitted: February 14, 1997

Filed: April 7, 1997
_____

Before MAGILL, BEAM and LOKEN, Circuit Judges.
_____

PER CURIAM.

     William Hane appeals from an adverse jury verdict and the trial
court's[1] denial of his post-trial motions in his personal injury action
under the Federal Employees' Liability Act ("FELA").  45 U.S.C. §§ 51 et
seq.  We affirm.

_____

     [1]The Honorable Raymond L. Erickson, United States Magistrate
Judge, for the District of Minnesota.

## I. BACKGROUND

Hane worked for the National Railroad Passenger Corporation (Amtrak) as a steward.  His duties included stocking dining cars. Supplies were sometimes loaded into plastic tubs which were then carried into the car. While loading a car in July of 1993, Hane was struck by a tub as a co-worker was moving it up a short flight of stairs which connected the car's two levels.  The co-worker testified at trial that Hane was helping to move the tub up the stairs while Hane insists he was struck from behind without warning.  Hane and his co-worker agree that this tub, unlike most others supplied by Amtrak, did not have a hand-hold cut into its side.  Instead it had a groove or lip around its edges.

Hane brought this FELA action seeking compensation for injuries sustained in the incident.  After a four-day trial, the jury found that Amtrak had not been negligent.  The trial court denied Hane's alternative motions for judgment notwithstanding the verdict or a new trial.

## II.   DISCUSSION

Hane argues that the trial court erred in failing to grant his post-trial motions because there was no legally sufficient basis for a jury to find that Amtrak was not negligent.  Hane asserts that, under FELA, if there was any evidence of negligence on Amtrak's part, the jury was bound to return a verdict in his favor.  Hane points to the absence of a hand-hold in the tub as evidence of negligence.

Congress intended FELA to be a broad, remedial statute, and courts have adopted a standard of liberal construction to

facilitate Congress' objectives. <u>Urie v. Thompson</u>, 337 U.S. 163, 180-81 (1949). However, that does not absolve a FELA plaintiff from establishing negligence as a predicate to employer liability. <u>Consolidated Rail Corp. v. Gottshall</u>, 512 U.S. 532, ___, 114 S. Ct. 2396, 2404. Furthermore, proof of an accident alone is not proof of negligence. <u>Id.</u> It is the jury's task to determine negligence under FELA. <u>Rogers v. Missouri Pac. R.R.</u>, 352 U.S. 500, 506-07 (1957).

In this case, the jury was presented with two versions of the accident. Hane's account is that his co-worker carelessly dropped an improperly designed container, with the blow rendering him semi-unconscious. Amtrak's version is that Hane was pushing on the lower side of the tub while a co-worker pulled from above; that the other worker warned Hane that he did not have a good grip; and the tub simply slid forward and knocked Hane's glasses from his face. The jury was free to credit Amtrak's scenario and reject Hane's. This court, on the other hand, is not free to weigh the evidence, to pass upon the credibility of witnesses, or to substitute our judgment for the jury's. <u>Ybarra v. Burlington N., Inc.</u>, 689 F.2d 147, 150 (8th Cir. 1982). Instead, we must uphold a jury verdict where the evidence supports a reasonable inference justifying the prevailing party's position. <u>Hose v. Chicago Northwestern Transp. Co.</u>, 70 F.3d 968, 976 (8th Cir. 1995). There was sufficient evidence for the jury to conclude that Amtrak's negligence was not the cause of this accident. Therefore, the trial court did not err in denying Hane's post-trial motions.

Hane also contends that the trial court failed to give proper jury instructions. A trial court has broad discretion in instructing the jury, and we review those instructions to determine whether they adequately and sufficiently state the applicable law.

Gamma 10 Plastics v. American President Lines, 105 F.3d 387, 389 (8th Cir. 1997).

The trial court advised the jury that Amtrak was not "required to furnish the latest, best and safest tools" to its employees. Hane claims it was reversible error to give this instruction because the tool at issue was neither costly nor difficult for the railroad to acquire. This instruction, however, is an accurate statement of a principle of law that has been in force for the last century. See Washington & Georgetown R.R. v. McDade, 135 U.S. 554, 570 (1890). It was not error to give the jury this instruction.

## III. CONCLUSION

For the foregoing reasons, the decision of the trial court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-4-